UNITED STATES DISTRICT COURT FILED
EASTERN DISTRICT OF TENNESSEE

2010 NOV -5 P 4: 16
2010 NOV -5 P 4: 17

U.S. DISTRICT COURT
EASTERN DIST. TENN. U.S. DISTRICT COURT
EASTERN DIST. TENN.
BY_____DEPT. CLERK
BY_____DEPT. CLERK

JENNIFER FREEMAN, )
 )
    Plaintiff, ) Case No.
v. )
 )
GREGG D. LAYNE individually and )
d/b/a LAYNE INSURANCE AGENCY )
and FARMERS' INSURANCE GROUP, ) 1:10-cv-302
 )
    Defendants. )

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, Farmers Insurance Exchange, erroneously referred to as Farmers' Insurance Group (hereinafter "Farmers"). Farmers is a Write-Your-Own ("WYO") Program carrier participating in the U. S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] and appears herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States."[3] Defendant files this Notice of Removal and hereby removes this matter from state court to the docket of this Honorable Court. Farmers respectfully shows as follows:

I.

On or about September 20, 1010, Plaintiff, Jennifer Freeman, filed a lawsuit in the Circuit Court of Hamilton County, State of Tennessee entitled, "*Jennifer Freeman v. Gregg D. Layne, individually and d/b/a Layne Insurance Agency and Farmers' Insurance Group*" bearing case

---

[1] *See* 42 U.S.C. '4001 *et seq.*

[2] 44 C.F.R. '62.23(f).

[3] 42 U.S.C. '4071(a)(1); *Gibson v. American Bankers Ins. Co.*, 289 F.3d 943 (6th Cir. 2002); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).

1

number 10C1153. A certified copy of all pleadings filed in the record of the state court proceeding is attached hereto as Exhibit A.

II.

For the reasons that follow, Farmers hereby removes this case from state court to this federal court, pursuant to 42 U.S.C. §4072, 44 C.F.R. Pt. 61, App. A(1), Article IX, 28 U.S.C. §1331, 28 U.S.C. §1332, 28 U.S.C. §1337 and 28 U.S.C. §1367.

A.  **REVIEW OF PLAINTIFF'S COMPLAINT**

1. At paragraphs 5 and 6 of Plaintiff's Complaint, Plaintiff alleges that she purchased a flood insurance policy bearing policy number 4259927 from Farmers through her agent Gregg D. Layne d/b/a Layne Insurance Agency ("Layne") on or about November 9, 2007 which provided coverage for her real property and improvements located at 5913 Wentworth Ave., East Ridge, Tennessee 37412.

2. At paragraph 8 of Plaintiff's Complaint, Plaintiff alleges that the property was damaged by flooding on or about September 22, 2009, while "the policy of insurance was in full force and effect" and that "[n]otice of the flood loss to was immediately provided to Gregg D. Layne and other agents and/or representatives of the Defendant Farmers'."

3. At paragraphs 9 and 10 of Plaintiff's Complaint, Plaintiff alleges that she had fully complied with the terms and conditions of SFIP number 4259927 in effect and that she "has made a demand upon the Defendants for payment. At paragraph 10, Plaintiff alleges that "Farmers' wrongfully rejected the Plaintiff's claim, claiming, among other things, that the referenced policy of insurance was never implemented or at times did not exist." Plaintiffs further allege that Farmer's position is without merit. *Id.*

4. At paragraph 12 and 13 of Plaintiff's Complaint, Plaintiff alleges Defendants

breached the terms of the underlying policy of insurance by failing to compensate the Plaintiff for the flood loss.

5. Plaintiff alleges at paragraphs 13-16 of the Complaint that Defendants have violated Tennessee's Consumer Protection Act, namely TCA§56-7-105 and TCA§47-18-101, *et seq.* and Plaintiff also alleges that as a result of Defendants' bad faith, Plaintiff has incurred additional expense, loss and injury, including attorney fees and costs of litigation and other damages resulting from Defendants' actions and inactions.

6. Based upon the foregoing claims of the Plaintiff, Farmers hereby removes this matter from state court to federal court pursuant to 28 U.S.C. § 1441 and 1446.

**B. THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE**

7. Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency ("FEMA").

8. Farmers, as a WYO Program carrier, is authorized to issue Standard Flood Insurance Policies ("SFIP") on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA, set forth at 44 C.F.R. Pt. 62, App. A.

9. Farmers' role as a WYO Program carrier as set forth in the Arrangement is to market, sell, administer and handle claims under SFIPs that it is authorized to issue on behalf of the federal government. It is clear that Farmers, in its WYO capacity is conducting these actions in its "fiduciary" capacity as the "fiscal agent" of the United States. 44 C.F.R. §62.23(f) and 42 U.S.C. §4071(a)(1), respectively.

3

10. Pursuant to Congressional authorization found at 42 U.S.C. §4071(a)(1), FEMA uses "Write-Your-Own" companies like Farmers to aid it in its statutory duty to administer the National Flood Insurance Program. *See also* 42 U.S.C. § 4081(a)(permitting FEMA's Director to enter into arrangements with private insurance companies in order to make use of their "facilities and services"); 44 C.F.R. § 62.23(a)-(d) (establishing the WYO program to permit private insurers to sell and administer Standard Flood Insurance Policies).

11. Since 1983, the Write-Your-Own Program companies have issued Standard Flood Insurance Policies in their names[6] collecting premiums in segregated accounts from which they pay claims and make necessary refunds under those policies.[7] Premiums collected from policy holders by the Write-Your-Own Program companies are, after deduction of the companies' fees and administrative costs, deposited in the National Flood Insurance Fund in the United States Treasury.[8] "Premiums are federal funds from the moment they are collected," with interest earned thereon belonging to the United States (Write Your Own companies must remit to the Treasury "all funds, including interest, not required to meet current expenditures - currently limited to $5,000.00).[9] In the absence of sufficient funds in the segregated accounts (which is essentially always given the $5,000.00 cap), Write-Your-Own Program companies pay claims and make refunds by drawing on FEMA letters of credit from the U.S. Treasury.[10]

12. The Standard Flood Insurance Policy put at issue by the Plaintiff's Complaint is itself a codified federal law, found in its entirety at 44 C.F.R. Part 61, Appendix A(1). Farmers cannot

---

[6] See 44 C.F.R. §§61.13(f), 62.23(a).

[7] 44 C.F.R. Pt. 62, App. A, Arts. II(E), III(D), III(E).

[8] 42 U.S.C. §4017(d).

[9] 44 C.F.R. Pt. 62, App. A, Art VII, B.

[10] See 44 C.F.R. Pt. 62, App. A. Art. IV; *Flick v. Liberty Mutual Fire Ins. Co.*, 205 F.3d, 393-94 (9th Cir. 2000).

4

waive or alter or amend any of the provisions of the SFIP. See 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VIII(D)(Oct. 1, 2007 edition).

13.     Effective October 1, 2004, there was a revised "Arrangement" between FEMA and All WYO Program carriers, including Farmers. In that revised Arrangement, FEMA further clarified its regulations to make clear that, in addition to disputes arising from claims and claims handling, the policy sales and administration, *e.g.*, rating and issuance, are performed by the WYO Program carriers (a) in their fiduciary capacity to the government, (b) utilizing federal funds, and (c) governed by extensive federal regulations.

14.     Moreover, FEMA stated its view that "any" such litigation states a federal question. Each of these points is now clearly stated within the revised Arrangement, and in the following two paragraphs:

> Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating companies' activities when selling or administering the Standard Flood Insurance Policies; and
>
> Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question; and . . .

44 C.F.R. Pt. 62, App. A, Article I.

15.     The National Flood Insurance Program, the Standard Flood Insurance Policy, and the Write-Your-Own carriers participating in the National Flood Insurance Program are all governed by federal law, not state law. See *Wright v. Director of FEMA*, 913 F.2d 1566 (11th Cir. 1990); *West v. Harris*, 573 F.2d 873 (5th, Cir. 1978), *cert. denied* 440 U.S. 946, 99 S.Ct. 1424) (1979). In *West*, the court stated the following:

---

*cert. denied*, 531 U.S. 927, 121 S.Ct. 305 (2000).

5

> "Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law."

573 F.2d at 881.

16. Based upon the forgoing, it is clear that the NFIP, the SFIP and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law.

### C. FEDERAL JURISDICTION

#### (1). 42 U.S.C. §4072 - Original Exclusive Jurisdiction

17. 42 U.S.C. §4072 conveys "original exclusive" jurisdiction over claims involving administration of and claims handling matters under the SFIP.

18. Plaintiff is aware of the requirement of filing in federal court as SFIP Article VII(R) clearly states that the insured "must file suit in the United States District Court of the district in which the covered property was located at the time of the loss." Certainly Farmers is not suggesting that jurisdiction can be created by contract, but instead it is pointing out that Plaintiff was fully aware of the requirement of filing in federal court. Further, because the SFIP is a codified federal regulation, Plaintiff is charged with the knowledge of this requirement. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947).

19. On the face of the Plaintiff's Complaint, Plaintiff asserts that Farmers has breached the SFIP contract by failing to compensate Plaintiff for her flood loss claim under her alleged SFIP.[4] As such, jurisdiction is "exclusive" to this Honorable Court pursuant to 42 U.S.C. §4072.

---

[4] Exhibit A. See Plaintiff's Complaint at ¶¶7-10.

### (2). 28 U.S.C. §1331 - Federal Question Jurisdiction

20. Farmers asserts that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. '4001, et seq.), and federal common law." 44 C.F.R. Pt. 61, App. A(1), Article IX. Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. §1331.

21. FEMA regulations establish the terms of the SFIP, rate structures, and premium costs. 42 U.S.C. §4013.

22. In order to determine what, if any, U.S. Treasury benefits the Plaintiff may be entitled to receive, the Court will necessarily have to interpret the SFIP itself as well as the federal laws, regulations and statutes governing the SFIP. Federal common law governs the interpretation of the SFIP, and "if the language of a policy is clear and unambiguous, it should be accorded its natural meaning." *Hanover Building Materials v. Guiffrida*, 748 F.2d 1011, 1013 (5th Cir. 1984). As the SFIP is a federal law, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder and any amounts due under the SFIP would require the interpretation of a federal law which presents a federal question. Thus, there is federal question jurisdiction under 28 U.S.C. §1331, and the case is therefore also removable pursuant to 28 U.S.C. §1441(a), (b) and (c).

23. Plaintiff's Complaint clearly asserts that Farmers breached the terms of the SFIP

by failing to pay Plaintiff for alleged flood damages.[5] Clearly, Plaintiff is seeking the enforcement of an SFIP contract. As such, the payment that the Plaintiff seeks from Farmers under the SFIP would be a "direct charge on the public treasury," and would be "binding" upon the federal government. *Gowland*, 143 F.3d at 955; and 44 C.F.R. Pt. 62, App. A, Art. II(F).

24. Pursuant to 28 U.S.C. §1331, and by operation of 28 U.S.C. ' 1441(a), (b) and (c), Farmers asserts that there are multiple federal questions presented within the Plaintiff's Complaint thereby making the action removable pursuant to 28 U.S.C. §1331.

### D. FEDERAL JURISDICTION ALSO EXISTS BECAUSE THE PETITION BRINGS INTO PLAY AN ACT OF CONGRESS REGULATING COMMERCE

25. Removal of this case is also proper under 28 U.S.C. §1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating commerce. Just like §1442, §1337 is not subject to the well-pleaded-complaint rule. Under §1337, removal is proper where the facts alleged in the plaintiff's petition bring into play an act of Congress that regulates commerce, regardless of whether any reference to the said act appears in the plaintiff's pleading. *Uncle Ben's International Dvision of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 216-7 (5th Cir. 1988).

26. Clearly, under the National Flood Insurance Act, 42 U.S.C. §4001, *et seq.*, Congress is regulating commerce by promulgating the complex and comprehensive statutory scheme that is commonly described as the National Flood Insurance Act. As recognized in *C.E.R. 1988, Inc. v. Aetna Casualty and Surety Co.*, 386 F.3d 263 (3rd Cir. 2004):

> FN3. The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, ' 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. ' 1011, *et seq.*, grants states this power except where Congress enacts legislation that Aspecifically

---

5 See Plaintiff's Complaint, attached as Exhibit A, ¶¶8, 11-12.

relates to the business of insurance.@ 15 U.S.C. '1012 (b). In *Barnett Bank of Marion County v. Nelson*, 517 U.S. 25, 116 S.Ct 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that A[t]he word >relates= is highly general.@ *Id.* at 38, 116 S.Ct. 1103. Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance. *Id.* at FN 3

27. Beyond the general proposition that the National Flood Insurance Act regulates commerce, it is also clear that in a more particularized sense, the Act expressly regulates both the subjects of claims and claims handling, as well as "the conditions of insurability." See, e.g., 42 U.S.C. §§4013 and 4019. Plainly, federal laws affecting commerce are involved in the facts put at issue in the Plaintiff's Complaint, and so removal of that Complaint is proper pursuant to 28 U.S.C. §1337.

### E.  SEPARATE AND INDEPENDENT CLAIM

28. Plaintiff's assertions as to Farmers, in it capacity as a WYO Program carrier, will require the Court to interpret federal constitutional, regulatory and statutory law. Therefore, Plaintiff's request can only be addressed by a federal court. More particularly:

   a. An SFIP issued by Farmers and Farmers' administration of an SFIP are governed by federal law and the monies sought are U.S. Treasury funds;

   b. The claims against the other Defendant are based upon and governed by state law and involve private funds;

   c. Plaintiff's claims as to how Farmers administered an existing SFIP and its application of the rate and premiums charged and effective dates are independent of Plaintiff's other claims; as such, Plaintiff's claims can only be removed by the WYO Program carrier Farmers.

29. Removal of such claims is permitted pursuant to 28 U.S.C. §1331(c), which provides in pertinent part as follows:

   (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed

9

and the district court may determine all issues therein, or, in its discretion may remand all matters in which State law predominates.

30. For the reasons discussed herein, Plaintiff's claims as to Farmers' denial of the flood claim raise federal questions that are separate and independent from the claims made against any other Defendant. Therefore, consent to removal of any other Defendants is not required under 28 U.S.C. §1441(c). See, *Zungia v. Blue Cross and Blue Shield of Michigan*, 52 F.3d 1395 (6th Cir. 1995). See also, *Henry v. Independent American Savings Assoc.*, 857 F.2d 995, 999 (5th Cir. 1988).

E. **THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS**

31. To the extent that any of the claims of the Plaintiff are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367. *See Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2620 (2005). [27] All of the claims put at issue in the Plaintiff's Complaint arise from the property damage that he allegedly sustained as a result of a flood, and from his efforts to obtain flood insurance benefits as a result of that loss. As such, all of the Plaintiff's legal claims arise from the same nucleus of operative fact, that being the underlying flood loss claim, and all of the insurance issues arising therefrom. Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. See also, *Harper v. Auto Alliance Intern., Inc.*, 392 F.3d 195, 209 (6th Cir. 2004)(quoting *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 454-455 (6th Cir. 1996).

10

## F.  28 U.S.C. §1332 - DIVERSITY JURISDICTION

32.  In addition to being removable to the United States District Court on the basis of a federal question, this case is also removable on the basis of diversity jurisdiction. Under 28 U.S.C. §1332, U.S. District Courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

33.  There is no question that the matter in controversy exceeds the sum or value of $75,000.00. Via Plaintiff's well pleaded Complaint, Plaintiff places at issue the SFIP issued by Farmers which provided policy limits of $84,300.00 in coverage. (See Exhibit I – Attached to Plaintiff's Complaint). Plaintiff also seeks attorney fees. Reasonable attorney fees may be included in the amount of controversy for the purposes of diversity jurisdiction. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007). Therefore, the amount in controversy requirement is met.

34.  There is also complete diversity of citizenship of the parties. Plaintiff, Jennifer Freeman is resident of the State of Tennessee.[6] Defendant Farmers is a corporation that was formed under, and incorporated in the state of California. Farmers' main office and principal place of business is in California.

35.  Co-Defendant, Gregg D. Layne, Individually and d/b/a Layne Insurance Agency ("Layne"), upon information and belief, was a citizen of Tennessee. However, Layne has been improperly joined as a defendant in this lawsuit in an attempt to defeat diversity jurisdiction. Therefore, Layne's citizenship should be ignored for removal purposes under the doctrine of improper joinder. Layne should be dismissed from this action because Plaintiff cannot recover from

11

Layne on any of the causes of action asserted in Plaintiff's Complaint.

36. The factual allegations and causes of action in Plaintiff's Complaint focus upon the coverage provided by Plaintiff's SFIP issued by Farmers.[7] However, Plaintiff's allegations, whether against Farmers or against Layne, fail as a matter of law as Plaintiff is charged with full knowledge of the requirements for participation in the NFIP. Per *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947).

37. Based upon Plaintiff's allegations, Plaintiff alleges the following causes of action in his Complaint: (1) breach of contract; (2) Tennessee Consumer Protection Act; (3) Misrepresentation, Estoppel and Waiver (4) Negligence; and (5) Punitive Damages yet Plaintiff makes no specific allegations regarding the acts of negligence of each defendant, thus, the Plaintiff has failed to state a claim. The United States Supreme Court has held that a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. See *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929, 75 USLW 4337, (2007). See also, Fed. Rules Civ. Proc. Rule 12(b)(6). *Doucet v. State Farm Fire and Cas. Co.*, 2009 WL 3157478 (E.D. Tex. 9/25/09).[8]

38. Although a removing party's burden of proving a fraudulent or improper joinder is a heavy one, defendants can defeat remand by showing that state-court petitions failed to allege "specific actionable conduct" sufficient to support causes of action asserted against non-divers defendants. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). Ultimately, "whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit

---

[6] See Complaint, attached as Exhibit A, &1.
[7] See ¶5-10.

between the plaintiffs' allegations and the pleaded theory of recovery." *Id.*, at 700.

39. Plaintiff's only remaining cause of action is based upon the enforcement of the alleged SFIP, *i.e.*, Farmers' wrongful rejection of the Plaintiff's claim[9] Plaintiff's alleged contract was with Farmers, not Layne. Plaintiff cannot succeed on any of his alleged causes of action against Layne. Therefore, Layne has been improperly joined and this Court has diversity jurisdiction over this matter.

### H. PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

40. Farmers notes that its first knowledge or notice of the suit was on October 8, 2010, when its agent for service of process, The Department of Commerce and Insurance for the State of Tennessee, was served with a copy of the lawsuit which is attached hereto as part of Exhibit A. Thus, the filing of this removal within thirty (30) days of service is timely.

41. Co-Defendant, Layne, has consented to this removal as evidenced by the Exhibit B.

42. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the property and the majority of the transactions at issue occurred within the jurisdictional territory of this Court.

43. Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit A is a copy of all processes, pleadings, and orders served on Farmers to date.

### CONCLUSION

WHEREFORE, Defendant, Farmers Insurance Exchange, prays that this Notice of Removal

---

8 Exh. C.
[9] Exh. A – Plaintiff's Complaint at ¶10.

will be deemed good and sufficient, and that this matter will be accepted onto this Court's docket.

Respectfully submitted,
**PATRICK, BEARD, SCHULMAN & JACOWAY, P.C.**

By: _____
Steven M. Jacoway, BPR #012129
Attorney for Farmers' Insurance Group
537 Market Street, Suite 202
Chattanooga, TN 37402
(423) 756-7117
(423) 267-5032 facsimile

**NIELSEN LAW FIRM, L.L.C.**

By: /s/ Deani Beard Milano
Gerald J. Nielsen, La.S.B. #17078
Joseph J. Aguda, La.S.B. #27762
Deani Beard Milano, La.S.B. #24358
(admission pending pro hac vice)
3838 N. Causeway Boulevard, Suite 2850
Metairie, Louisiana 70002
(504) 837-2500
(504) 832-9165 facsimile

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been served via Hand Delivery or First Class Mail, with sufficient postage affixed thereon to insure proper delivery, upon:

Joshua H. Jenne, Esq.  
Jenne, Scott & Jenne, PLLC  
P. O. Box 161  
Cleveland, TN 37364  

Daniel M. Stefaniuk, Esq.  
Spears, Moore, Rebman & Williams, P.C.  
P. O. Box 1749  
Chattanooga, TN 37401-1749  

This ____ day of November 2010.

**PATRICK, BEARD, SCHULMAN & JACOWAY, P.C.**

By: _____
Steven M. Jacoway

F:\WpDocs\CLIENT\F\Farmers Ins\Notice of removal-federal.doc

14